## THOMPSON vs. THOMPSON   and another.

Where a party wrongfully retains the title to property, which he knows he ought to convey to another, he is not entitled to pay for improvements made thereon while he so retains the title; but such claim for improvements can be enforced by those who improve in good faith, believing that their title is good.

In such a case where there was a joint occupancy of the property, and the improvements were made with the consent of the plaintiff, the party who made permanent improvements would be entitled to pay for them, if it appeared that such was the intention of the parties, when called upon to convey the legal title to the equitable owner.

APPEAL from the Circuit Court for *Dodge* county.

The complaint in this action alleged in substance that one of the defendants, *Robert Thompson*, was furnished by the plaintiff with the sum of $100, to purchase for him a tract of land to be selected by said *Robert*, and that said defendant purchased two forty acre lots of land in the town of Emmett, in Dodge county, with his own money, and eighty acres of land in the same town adjacent thereto with the money of the plaintiff, but took the title to the last mentioned eighty acres in his, defendant's name without the knowledge or consent of the plaintiff, and that the plaintiff settled upon the said land and continued to occupy and cultivate the same until the commencement of this action, and has made certain valuable improvements thereon, specifying the same.   That he had done most

of the work of enclosing the two forty acre lots of the defendant *Robert*, with his own money and had assisted to fence the same into four or five lots and broken and put a portion of the same under cultivation; and that during the time the plaintiff has occupied said land purchased for him, the defendant *Fenton Thompson*, has resided with him winters, and in 1860 moved on to said land and since then resided in the house thereon with the plaintiff, and that shortly thereafter the defendant, *Fenton Thompson*, commenced to exercise acts of ownership over the land and claimed to own the same in fee and denied the rights of the plaintiff in the premises; and that the defendant, *Fenton Thompson*, claimed to have purchased and obtained from the defendant *Robert Thompson* a warranty deed of all the premises before mentioned, but that such conveyance was made with a knowledge of the rights of the plaintiff and with an understanding that said *Fenton Thompson* should, when requested, convey to the plaintiff that portion purchased with his money, but that he absolutely refuses to convey the same to the plaintiff. The plaintiff prayed judgment that the title to said eighty acres should be declared by the court to be vested in the plaintiff, &c.

The defendant, *Fenton Thompson*, in answer to the complaint alleged that he had no knowledge or information sufficient to form a belief as to whether said eighty acre tract of land was purchased with the plaintiff's money, by the defendant *Robert Thompson* and the title thereto taken in his name without the knowledge or consent of the plaintiff. The remainder of the answer related to the question of improvements made on said eighty acre lot, and alleged in substance that the defendant, *Fenton Thompson*, had expended money and labor on said land and made thereby permanent improvements thereon, specifying the same, of the value of $550 over and above all legal set-offs or counter claims and that such money and labor were expended, and improvements made, with the full knowledge, consent and request of the plaintiff.

A very considerable amount of testimony was read at the trial, and the case as stated in the complaint in regard to the purchase of the eighty acre lot in question and the conveyance to *Fenton Thompson*, was clearly made out, though the evidence showed that this and the other two forty acre lots were bought with gold, into which the bank bills of the plaintiff and the defendant *Robert Thompson* had been converted and the gold had all been put in one purse together. The plaintiff and defendants are brothers, and occupied the premises in question together at times, making improvements on the lot in question and the other forty acre lots, and the defendant, *Fenton Thompson* testified that the value of the improvements he had made on the lot in question with his labor and money, was about $550. Such other facts proved as are material to a proper understanding of the opinion of the court, are sufficiently stated therein. The circuit court granted the relief demanded by the complaint, decreeing the defendant *Fenton Thompson*, to convey the lot in question to the plaintiff and in default of his so doing that the title thereto should vest in the plaintiff by virtue of the judgment, and rejected the claim of the defendant *Fenton Thompson* for the value of improvements made thereon by him. This judgment did not make any provision as to the costs of the action, but subsequently the judgment was so amended as to charge the defendant, *Fenton Thompson* with the costs of the action. The defendant, *Fenton Thompson*, excepted to the finding and decision of the circuit court and appealed therefrom.

*Enos & Hall*, for the appellant, argued that on account of the commingling of the money, after it was converted into gold, if there was any resulting trust, it was such, as to an undivided one-half of the whole one hundred and sixty acres purchased, and that such view was strengthened from the fact that both parties went into possession of the whole and have been improving it in common. A resulting trust must flow from the transaction of purchase. *Boyd vs. McLean*, 1 Johns

Ch. 587; *Whiting vs. Gould*, 2 Wis., 585; *Getman vs. Getman*, 1 Barb. Ch. 514; *White vs. Carpenter*, 2 Paige 238; 3 Paige 398. The plaintiff was not entitled to the relief demanded without paying for the improvements made on the land by the defendant *Fenton Thompson;* they were made with the knowledge and consent, and at the request of the plaintiff. 2 Story, Eq., § 799, b. § 1237; *Putnam vs. Ritchie*, 6 Paige 390; *Sheldon vs. Sheldon*, 3 Wis., 699. The court erred in adjudging all the costs against the appellant.

*Williams & Leonard*, for respondent.

The defendant, *Fenton Thompson*, was not in possession, believing his title to be perfect when he made the improvements, and therefore is not entitled to pay for them. 1 Story Eq., § 799, § 1237, note; *Waterman vs. Dutton*, 6 Wis. 276.

*By the Court*, PAINE, J.   The evidence establishes beyond any question the resulting trust alleged in the complaint. The plaintiff furnished his brother *Robert* the money with which to buy this piece of land, upon the understanding that it was to be bought for the plaintiff. *Robert*, without the knowledge or consent of the plaintiff, entered the land in his own name, intending afterwards to convey it to the plaintiff. The defendant, *Fenton Thompson*, took the title knowing these facts, and promising *Robert* to convey to the plaintiff the tract in question which was bought for him. This leaves no doubt of the plaintiff's right to relief upon some terms, and the only question is whether he should pay *Fenton* anything for improvements.

As a general rule a party who wrongfully retains a title which he knows he ought to convey to another, is not in a condition to claim pay for improvements. That claim belongs to those who improve in good faith, believing that their title is good: it was probably upon this ground that the court below rejected the defendant's claim, and this would have been undoubtedly correct if the case had showed nothing more than

that the defendant had improved the property of his own motion, without the express or partial request of the plaintiff. Perhaps this fact would have rendered the rule last stated inapplicable to the case, and entitle the defendant to compensation for whatever permanent improvements he had· put on the property, if the evidence showed such to have been the intention of the parties. But we are satisfied that such was not the intention, and that on the contrary, the defendant furnished whatever he did, partly by way of gift to his brother *Paul*, partly on account of having lived and boarded with the plaintiff from time to time, when not working elsewhere, and partly on account of the plaintiff's labor and improvement on the other tracts belonging to the defendant. And taking the whole evidence upon these points, we are unable to say that the plaintiff ought, in justice, to pay the defendant anything on account of improvements.

The judgment is affirmed, with costs.